UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| CYNTHIA CALLAN, | Civil Action No.: 4:08-cv-1928-TLW-TER |
| Plaintiff, | |
| -vs- | **REPORT AND RECOMMENDATION** |
| KEVIN SINGLETARY and BLUEGREEN CORPORATION, | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff, who is proceeding pro se, presumably brings this case pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e et seq., alleging religious discrimination. Presently before the Court is Defendants' Motion to Dismiss or, in the alternative, Stay and Compel Arbitration (Document # 24). Because Plaintiff is proceeding pro se, she was advised pursuant to Roseboro v. Garrison, 528 F.3d 309 (4th Cir. 1975), that a failure to respond to the motion could result in the motion being granted, thereby ending the case. Plaintiff's Response was due December 4, 2008. Plaintiff filed her Response (Document # 28) on December 8, 2008.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), DSC. Because this motion is dispositive, this Report and Recommendation is entered for review by the district judge.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12 tests the sufficiency of the complaint. It does not resolve conflicts of facts. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. It does not resolve conflicts of facts, the merits of the claim, or the applicability of defenses asserted. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999), Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In considering a motion to dismiss, the factual allegations in the complaint are accepted as true and the plaintiff is afforded the benefit of all reasonable inferences that can be drawn from those allegations. Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130,1134 (4th Cir. 1993).

Materials outside the pleadings which relate to jurisdiction can be considered on a motion to dismiss for lack of jurisdiction. Land v. Dollar, 330 U.S. 731, 735, 67 S.Ct. 1009, 1011, 91 L.Ed. 1209 (1947); Capitol Industries-EMI, Inc. v. Bennett, 681 F.2d 1107, 1118 n.29 (9th Cir.), cert. denied, 459 U.S. 1087, 103 S.Ct. 570, 74 L.Ed. 2d 932 (1982). Whether the parties have agreed to arbitrate their disputes is a jurisdictional question. See Bhd of Ry. & S.S. Clerks v. Norfolk S. Ry. Co., 143 F.2d 1015, 1017 (4th Cir.1944)( "Arbitration deprives the judiciary of jurisdiction over the particular controversy and the courts have long ruled that there must be strict adherence to the essential terms of the agreement to arbitrate."). Thus, the Court may consider materials outside the pleadings to determine whether a valid arbitration agreement exists.

## III. DISCUSSION

### A. Factual Allegations

Plaintiff sets forth the following factual allegations in her Complaint:

I was discriminated against & refused employment by Kevin[.] I was given

employment by a manager over Kevin Singletary[.] Kevin Singletary expressed his hatred for my religion often[.] Kevin Singletary also told other managers & employees to harass me & insult me, almost making it a requirement of other employees & managers to make me miserable. Other managers would gather gangs together of employees to surround me like a pack of wolves to harass me, tease me, insult me[.] Kevin required all my peers to call me crazy[.] Running across the parking lot, one time to break up a conversation I was ingaged [sic] in, with another employee, telling him "she is crazy," told him that I was one of Jehovahs Witnesses, as though it was a disease. All this created a very hostile work environment. This work invironment [sic] also caused me to not be able to perform my duty to the fullest of my ability, to eat my food, making me nasiated [sic] most of the time & so stressed out I always had a headach [sic] light headed & sometimes dizzy, it was all I could do just to get thru each day at work, it was so bad I even took it home with me after work & suffered deap [sic] depression and self confidence.

Complaint at pp. 3-4.

Defendants assert that Plaintiff entered into a valid arbitration agreement as a condition for employment with Bluegreen and that the claims asserted by Plaintiff in her Complaint are subject to arbitration per the agreement.

B. The Arbitration Agreement

Plaintiff completed an application for employment with Bluegreen on June 15, 2006. See Exhibit C to Defendants' Motion. On the front page of the four-page application was a section entitled "Arbitration Agreement." It provided, inter alia,

> In return for Bluegreen's agreement to arbitrate legal disputes and for considering this application, I agree by signing below that any dispute of a legal nature arising under federal, state or local law between the Company (including any such claim regarding company property, discrimination, harassment, or any other legal dispute relation [sic] to my employment or arising under any labor, employment, or civil rights law) and me will be subject to final and binding arbitration under Bluegreen's Arbitration Rules. I understand that the arbitrator, who will serve as judge and jury, has the same authority to award money damages and other relief as does a court or jury. If employed, I may agree to a more detailed arbitration agreement which would then replace this one.

Id. Subsequently, on June 19, 2006, Plaintiff signed the "Bluegreen Arbitration Agreement," a three

page document setting forth in full the parties' agreement to arbitrate. See Exhibit A to Defendants' Motion. In addition to the signatures at the end of the agreement, both Plaintiff and a representative of Bluegreen added their initials after the paragraph denoting that they agree to give up their right to trial by a court or by a jury and that the arbitration agreement is the exclusive means of resolving all disputes between the parties. They also added their initials after the section setting forth the types of disputes subject to arbitration, including "any claims of discrimination or harassment prohibited by applicable law, including statutory and/or common law claims of discrimination or harassment on the basis of age, race, national origin, religion, disability, sex/gender, color or citizenship." Id.

    C.    Applicable Law

The purpose of the Federal Arbitration Act (FAA) "was to reverse the longstanding judicial hostility to arbitration agreements that had existed at English common law and had been adopted by American courts, and to place arbitration agreements upon the same footing as other contracts." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 24 (1991). Courts should conduct a limited review of arbitration agreements to determine whether a valid arbitration agreement exists and that the specific dispute falls within the substantive scope of the agreement. Hooters of America, Inc. v. Phillips, 173 F.3d 933, 938 (4th Cir. 1999).

The "liberal federal policy favoring arbitration agreements manifested by this provision and the Act as a whole, is at bottom a policy guaranteeing the enforcement of private contractual arrangements; the Act simply 'creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate.'" Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 625 (1985) (citing Moses H. Cone Memorial Hospital v. Mercury Construction

Corp., 460 U.S. 1 (1983). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Moses H. Cone Memorial Hospital, 460 U.S. at 24-25. As with any other contract "the parties intentions control, but those intentions are generously construed as to issues of arbitrability." Mitsubishi, 473 U.S. at 625. "A party resisting arbitration of course may attack directly the validity of the agreement to arbitrate." Id. at 632. "Moreover, the party may attempt to make a showing that would warrant setting aside the forum-selection clause – that the agreement was '[a]ffected by fraud, undue influence, or overwhelming bargaining power'; that 'enforcement would be unreasonable or unjust'; or that proceedings 'in the contractual forum will be so gravely difficult and inconvenient that [the resisting party] will for all practical purposes be deprived of his day in court." Id.

Arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to so submit." Int'l Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH, 206 F.3d 411, 416 (4th Cir. 2000)(quoting United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574 (1960)).

The elements of a valid contract are offer, acceptance, and valuable consideration. Carolina Amusement Co. v. Connecticut Nat'l Life Ins. Co., 437 S.E.2d 122, 125 (S.C. Ct. App. 1993). Bluegreen offered Plaintiff employment, which included the requirement that all disputes between the parties be arbitrated. Plaintiff accepted the offer by taking a position with Bluegreen. Upon acceptance of employment, she accepted the arbitration requirement. Also, an arbitration agreement is supported by adequate consideration when the parties mutually agree to be bound by the arbitration process and the agreement does not permit the employer to ignore the results of

arbitration. See e.g., Adkins v. Labor Ready, Inc., 303 F.3d. 496, 501 (4th Cir. 2002) (finding that the agreement to be bound by arbitration is adequate consideration); Johnson v. Circuit City Stores, 148 F.3d 373 (4th Cir. 1998) (finding arbitration agreement where employee and employer are bound gives adequate consideration). Both Plaintiff and a representative of Bluegreen signed the arbitration agreement, thereby agreeing to submit all disputes covered by the agreement to arbitration. The agreement provides that, "[i]n consideration for their mutual promises, both parties, by entering into this Agreement, give up their right to trial by a court or by a jury." See Exhibit A to Defendants' Motion. In addition, nothing in the agreement allows Bluegreen to ignore the results of arbitration.

Thus, because there was an offer, acceptance, and adequate consideration, the arbitration agreement entered into by the parties is valid. Furthermore, as stated in the agreement, it covers "claims of discrimination or harassment prohibited by applicable law, including statutory and/or common law claims of discrimination or harassment on the basis of age, race, national origin, religion, disability, sex/gender, color or citizenship." Id. Claims of employment discrimination may properly be made the subject of mandatory arbitration. Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 116-17 (2001). Therefore, Plaintiff's claims of discrimination and/or harassment based on her religion are subject to arbitration.

In response to Defendants' Motion, Plaintiff asserts that she entered into the agreement under duress. For a contract to be void based upon duress,

> (1) the coerced party must show that he has been the victim of a wrongful or unlawful act or threat, (2) such act or threat must be one which deprives the victim of his unfettered will, (3) as a direct result the coerced party must be compelled to make a disproportionate exchange of values or give up something for nothing, (4) the payment or exchange must be made solely for the purposes of protecting the coerced party's business or property interests, and (5) the coerced party must have no adequate legal remedy.

Johnson v. City of Columbia, S.C., 949 F.2d 127, 132 (4th Cir. 1991) (citing Troutman v. Facetglas, Inc., 281 S.C. 598, 316 S.E.2d 424 (Ct.App.1984) (citing 13 Williston on Contracts, Section 1617 (W. Jaeger 3rd ed.1970))). Other than Plaintiff's conclusory statements, there is nothing in the record to support a finding that the arbitration agreement is invalid or unenforceable because of duress or for any other reason. Thus, such a claim must fail.

## IV. CONCLUSION

Because all of Plaintiff's claims are covered by the arbitration agreement, dismissal of an action to pursue arbitration is a proper remedy. Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc., 252 F. 3d 707, 709-10 (4th Cir. 2001). Therefore, it is recommended that Defendants' Motion to Dismiss or, in the alternative, Stay and Compel Arbitration (Document # 24) be granted and the case be dismissed. In the alternative, it is recommended that the Motion be granted and the case be stayed pending arbitration.

                                                 s/Thomas E. Rogers, III
                                                 Thomas E. Rogers, III
                                                 United States Magistrate Judge

August 4, 2009
Florence, South Carolina

**The parties' attention is directed to the important notice on the following page.**